James S. KREAGER and Mercu-Ray Industries, Inc., Appellants,

v.

Ralph L. SCHIFFER, Arthur Tuchinsky, Morrie Freed, Magna-Bond, Inc., Progress Manufacturing Company.

No. 15430.

United States Court of Appeals
Third Circuit.

Argued Jan. 4, 1966.

Decided April 14, 1966.

See also D.C., 31 F.R.D. 292.

Spencer Ervin, Jr., Philadelphia, Pa., for appellants.

Nathan Lavine, Philadelphia, Pa. (Marvin Krasny, Adelman & Lavine, Philadelphia, Pa., Ronald A. Ervais, Philadelphia, Pa., on the brief), for appellee Progess Mfg. Co.

Before BIGGS, GANEY and FREEDMAN, Circuit Judges.

PER CURIAM.

Counsel for the plaintiffs-appellants were invited by this court to amend the defective complaint in order that it might conform with the provisions of Section 1332(c), Title 28, U.S.C., by supplying allegations in respect to the principal places of business of the corporate parties necessary for the maintenance of diversity jurisdiction. Counsel for the plaintiffs-appellants informed us that he does not desire to amend the complaint. Thereafter, we entered an order allowing the necessary amendments to be made by any party to the cause to the end that the case would not have to be retried. On March 21, 1966, the defendant-appellee, Progress Manufacturing Company, by its counsel, filed an affidavit which amends adequately the jurisdictional allegations of the complaint. We find, therefore, that jurisdiction now exists. 28 U.S.C. § 1653.

An examination of the record in this case and consideration of the arguments of the parties convinces us that the court below committed no error. Consequently, the judgment appealed from will be affirmed.

A. L. REESE, Appellant,

v.

R. P. BALKCOM, Jr., Warden, Georgia State Prison, Appellee.

No. 22641.

United States Court of Appeals
Fifth Circuit.

April 5, 1966.

A. L. Reese, pro se.

Albert Sidney Johnson and Peyton S. Hawes, Jr., Asst. Attys. Gen., Eugene Cook and Arthur K. Bolton, Attys. Gen., Atlanta, Ga., Carter A. Setliff, Asst. Atty. Gen., for appellee.

Before BROWN, BURGER,* and WISDOM, Circuit Judges.

PER CURIAM.

The District Court's conclusion that the petition for habeas corpus challenging the Georgia conviction for voluntary manslaughter raised no factual issues for hearing was correct. So, too, was the denial of the writ.

Affirmed.

* Of the District of Columbia Circuit, sitting by designation.